IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ADRIAN FULLER,

    Plaintiff,                                 No. CIV S-08-2369 FCD GGH P

    vs.

UNKNOWN, et al.,

    Defendants.                      ORDER

_____/

        Plaintiff is a prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On December 16, 2008, the court dismissed the complaint with leave to amend. On January 22, 2009, plaintiff filed a first amended complaint. On January 29, 2009, plaintiff filed a second amended complaint. The court will screen the second amended complaint. For the following reasons, the second amended complaint is dismissed with leave to amend.

        Named as defendants are Solano County Sheriff Gary Stanton and plaintiff's attorney at his criminal trial, Doria Rios.

        Plaintiff alleges that while housed at the Solano County Jail, pursuant to a county policy, he was required to wear handcuffs while going back and forth to court. Plaintiff alleges that he was forced to wear the handcuffs for hours while waiting for court. Plaintiff alleges that on one occasion, the handcuffs were applied so tightly that the circulation to his hands was cut

1

off. Plaintiff alleges that defendant Stanton's policy of requiring him to wear handcuffs amounted to torture and prevented him from assisting in his defense.

The Due Process Clause protects a *post-arraignment* pretrial detainee from the use of excessive force that amounts to punishment. Graham v. Connor, 490 U.S. 386, 395 n. 10, 109 S.Ct. 1865, 109 S.Ct. 1865 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39, 99 S.Ct. 1861 (1979)). If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Bell, 441 U.S. at 539, 99 S.Ct. 1861.

Plaintiff is raising two claims regarding the use of handcuffs. First, he raises a per se challenge to defendant Stanton's handcuff policy. In other words, plaintiff is claiming that he should not be required to wear handcuffs at all during transport and during court proceedings. Second, plaintiff alleges that the handcuffs were applied too tightly.

As to plaintiff's claim challenging the handcuff policy per se, based on the standards set forth above, the court does not find that a per se challenge to the use of restraints and handcuffs during transport and court proceedings states a colorable Fourteenth Amendment excessive force claim. Use of handcuffs on pretrial detainees during transportation and during court proceedings is reasonably related to the legitimate governmental objective of maintaining safety and security. Accordingly, this claim against defendant Stanton is dismissed.

With regard to the claim that the handcuffs were applied too tight, plaintiff does not allege how defendant Stanton was responsible for this alleged deprivation. Rather, it appears that the deputy who applied the handcuffs too tightly on the occasion alleged is liable for this alleged deprivation. Plaintiff does not allege, for example, that the handcuffs were applied too tight pursuant to a policy created by defendant Stanton.

/////
/////
/////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link defendant Stanton to the claim that the handcuffs were applied too tightly, this claim is dismissed with leave to amend.

Plaintiff alleges that defendant Rios conspired with the district attorney to obtain plaintiff's conviction. However, it is not clear that plaintiff has actually been convicted. Rather, it appears that criminal proceedings against plaintiff may be ongoing. Plaintiff seeks money damages against defendant Rios.

/////

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id.

Plaintiff's claims implicate the validity of his criminal conviction, assuming he has been convicted. Because his conviction has not been invalidated, expunged or reversed, his claims against defendant Rios are barred by Heck. If the criminal proceedings are ongoing, his claims are barred by Heck as well. See Harvey v. Waldron, 210 F.3d 1008 (9th Cir. 2000)(Heck applies to ongoing criminal actions). Accordingly, the claims against defendant Rios are dismissed.

For the reasons discussed above, the second amended complaint is dismissed with leave to amend.

/////

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that the amended complaint filed January 29, 2009, is dismissed with thirty days to file a third amended complaint; failure to file a third amended complaint within that time will result in a recommendation of dismissal of this action.

DATED: February 9, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

full2369.ame